F. B. FULKERSON, Administrator, Respondent, v. J. J. LONG, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Appellate Practice**: WEIGHT OF EVIDENCE. Where there is evidence to justify the finding of the jury, showing no patent wrong or injustice in the verdict, the appellate court will not disturb it.

2. **Evidence**: STUB OF CHECK BOOK. Where one of the issues is where plaintiff's intestate purchased the note sued on, the stub of his check book showing a check to the payee in the note, is competent evidence like an account book and original entries.

3. ———: CREDIT ON NOTE: OTHER NOTE. In an action on a note, the note was credited "$3.09 by too much paid on cattle note." The evidence tended to show that in the payment of the cattle note there was an excess of interest paid to the amount of the credit. *Held*, not error to admit in evidence the cattle note itself, as the credit of $3.09 was in issue by the pleadings.

4. **Bills and Notes**: NON EST FACTUM: INSTRUCTION. An instruction for the plaintiff in an action on a note, where the defense is *non est factum*, is not rendered bad by not expressly declaring the burden of proof was on the plaintiff to show the execution of the note, when other instructions plainly make such requirements.

*Appeal from the Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*John P. Butler* and *Samuel Hill* for appellant.

(1) There was no evidence at all, of the execution of the note, or of its transfer for value before maturity to Fulkerson, deceased. Whatever tendency it has is to prove the contrary. The demurrer to the evidence should have been sustained. *Doering v. Saum,* 56 Mo. 479; *Morgan v. Durfee,* 69 Mo. 469; *Charles v. Patch,* 87 Mo. 450; *Hunt v. Railroad,* 89 Mo. 607. (2) The court erred in the admission of testimony whereby the jury were misled to defendants' prejudice. The action of the court in the admission of testimony in each of the four instances specified was error. This being true the case should be reversed on that ground. *State v. Purdin,* 68 Mo. 99; *McDonald v. Matney,* 82 Mo. 358. If in overruling defendant's objections to the testimony in either of these specific cases the trial court erred, then the law presumes, it was prejudicial error. *Clark v. Farley,* 30 Mo. App. 335; *Suttle v. Aloe,* 39 Mo. App. 38; *Smith v. Shoemaker,* 17 Wall. 630; *Weil v. Posten,* 77 Mo. 284. (3) The court erred in declaring the law in plaintiff's second instruction. McQuillin's Practice, sec. 105; *State v. Herrell,* 97 Mo. 105. (4) There is no evidence to support the verdict rendered which was evidently the result of prejudice or of misdirection whereby the jury were misled.

*George Hall & Son* and *O. G. Williams* for respondent.

(1) The appellate court will not reverse a case for insufficient evidence, if there is any evidence to support

the finding of the jury. *Krider v. Milner*, 99 Mo. 145; *Millan & Abbot v. Parker*, 31 Mo. App. 145; *Blanton v. Dold*, 109 Mo. 64; *Burks v. Railroad*, 51 Mo. App. 491; *Rainwater v. Burr*, 55 Mo. App. 468. (2) The defendant having offered evidence to disprove the execution of the note sued on in the second count of the petition, after his demurrer to the evidence was overruled, he thereby waived his objections to the action of the trial court in overruling the demurrer, and the appellate court will consider all the evidence in determining whether the demurrer should have been overruled or not. *Taylor v. Penquite*, 35 Mo. App. 389; *Bowen v. Railroad*, 95 Mo. 268; *Erwin v. Railroad*, 96 Mo. 290; *McPherson v. Railroad*, 97 Mo. 253; *Greene v. Cooperage Co.*, 56 Mo. App. 202; *Stark v. Mesher*, 55 Mo. App. 26. (3) The appellate courts are expressly prohibited by statutes from reversing a judgment, unless they believe error was committed by the trial court, materially affecting the merits of the action. R. S. 1889, sec. 2303; *Mitchell v. Bradstreet Co.*, 116 Mo. 226.

GILL, J.—This is an action on three promissory notes. The first count is based on a note dated June 1, 1890, for $350, whereon two credits—one of $100, and another of $150,—are indorsed; the second count declares on a note for $10.50, dated April 4, 1884, with an alleged credit of $3.09; and the third count is for a balance due on a note for $100, dated April 29, 1880, and which has several small credits. In the defendant's answer, the execution of the notes named in the first and third counts is confessed, but defendant sets up other and further credits, which would more than satisfy the notes, and judgment for an excess is pleaded. The answer as to the note set out in the second count is *non est factum*, under oath.

The jury found for the plaintiff on each count of the petition, and defendant appealed.

Plaintiff prosecutes this suit as administrator of the estate of Joshua F. Fulkerson, deceased, who, it seems, resided in the neighborhood of the defendant, Long, and between whom there had been a large number of business transactions, covering a series of years.

I. Much of the brief of defendant's counsel is taken up with a discussion of the evidence—its weight, its probability, consistency, etc., with the purpose, doubtless, of convincing us that the verdict is unsupported by the testimony, and that the defendant has been wronged by the judgment. After a careful consideration of the *partial* abstract of the appellant and the supplemental and counter abstract furnished by the respondent, we fail to find such a case as, under the well known rules of this court, would warrant us in disturbing the judgment. On the various issues there was ample evidence to justify the findings of the jury—at least, there is no such patent wrong and injustice shown as to call for our interference. This is all that is necessary to be said with reference to points 1 and 4 of defendant's brief.

II. The several objections to the evidence interposed by defendant during the trial, we find not well taken; or, if objectionable, are clearly harmless. One of the issues in the case was whether or not the deceased Fulkerson purchased the note named in the second count, from Meyers, the payee. As tending to prove this, the stub of the check book of the deceased Fulkerson was introduced, after proof of his handwriting, wherein it appeared he had, at the time, given a check to pay for said note. This evidence was objected to, and the admission thereof is now complained of. The matter here objected to is rightly classed as

that of an account book of original entries, fair upon its face, and shown to have been kept in the usual course of business, and is now, under the late rulings in this state, competent evidence, even in behalf of the party who kept the book. *Anchor Milling Co. v. Walsh*, 108 Mo. 277.

On the back of the note sued on in the second count, was a credit of $3.09 "by too much paid on cattle note." At the trial, the cattle note (for $500), with deed of trust, was introduced over the objection of defendant. This note was given in 1887 by defendant to the deceased Fulkerson, for amount due on a cattle purchase, with a deed of trust to secure the same. It was paid off in the year 1888, and the evidence tends to prove that there was an excess of interest paid at the time and in just the amount credited on the small note set up in the second count. In view, then, of this connection, we can not say that it was error to admit in evidence the said $500 note, and deed of trust. An examination of that note and deed of trust would tend to strengthen the claim of the credit for the $3.09, which was put in issue by the pleading. These and some other minor objections to the introduction of evidence are without merit and deserve no further mention.

The criticism of plaintiff's second instruction is not well founded. It is claimed to be faulty in not expressly declaring that the burden was on the plaintiff of proving that defendant signed and executed the note sued on in the second count. While this instruction is silent on that point, yet, by another instruction given at the request of defendant, the jury were advised that such burden of proof rested on the plaintiff. So, then, when all the instructions are considered together, we find no such fault as is charged.

Having considered all the points suggested, we fail to discover any substantial error in the record. There was a fair trial, with proper rulings by the court, and the judgment will, therefore, be affirmed. All concur.